```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIA J. TAVAREZ,
```

                                  Plaintiff,                 **REPORT AND**
                                                                       **RECOMMENDATION**
                                                                       CV 04-1629 (DRH)(ARL)

           -against-

STATE UNIVERSITY OF NEW YORK AT
STONY BROOK, et al.,

                                  Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is defendants' letter application, dated May 13, 2005, seeking a recommendation to District Judge Hurley that the matter be dismissed for failure to obey an order to provide discovery pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). More specifically, defendants explain that they have been unable to proceed with discovery based on the plaintiff's repeated failure to respond to defendants' interrogatories and request for inspection of documents as well as her failure to appear for deposition, despite this court's March 21, 2005 order directing plaintiff to comply with her discovery obligations. That order extended the discovery schedule so as allow for this discovery to occur and further warned plaintiff that her failure to comply with her discovery obligations would lead to sanctions, including a recommendation to the district judge that the case be dismissed. By letter dated May 17, 2005, plaintiff's counsel responded to the defendants' application. Plaintiff's counsel's response simply states that

> the Attorney General's office and this firm have attempted in good
> faith to bring forth the prosecution of this matter in a timely fashion,
> but unfortunately, due to the difficulties this firm has experienced in
> establishing any further contact with our client, it is impossible for
> us to effectively proceed in this matter. Accordingly, in view of the
> foregoing, I respectfully submit this matter to the wise discretion of
> the District Court.

While defendants seek dismissal as a sanction pursuant to Rule 37, the undersigned finds, in light of plaintiff's counsel's acknowledgment that he is unable to contact his client, that dismissal pursuant to Rule 41(b) is warranted. When determining whether to dismiss a case pursuant to Rule 41(b) for failure to prosecute, the court considers the following factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to trike a balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Hibbert v. Apfel, No. 99 CIV. 4246, 2000 WL 977683, *2 (S.D.N.Y. July 17, 2000) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).

As to the first factor, defendants have been attempting to depose the plaintiff since October 6, 2004, at which time plaintiff's counsel first explained that his client had not responded to his attempts to get in touch with her. (Defs. Ltr., dated 5/13/05). Thus, plaintiff's failure to contact her counsel or the court for over seven months is anything but diligent prosecution of her case. As to the second factor, the court notified her of the potential dismissal of her case by order dated March 21, 2005. As to the third factor, because "'[p]rejudice to defendants resulting from an unreasonable delay may be presumed,'" prejudice to the defendants can fairly be presumed here due to the unreasonable delay caused by plaintiff's apparent abandonment of her case. Hibbert, 2000 WL 977683 at *3 (citing Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). As to the fourth factor, plaintiff has had ample opportunity to be heard and to prosecute her case and has nevertheless failed to comply with any of her discovery obligations. Defendants and the court have made every effort to enable plaintiff to proceed, yet plaintiff has

2

done nothing. Thus, dismissal of her case does not violate her due process rights under these circumstances. Finally, as to the fifth factor, lesser sanctions are not appropriate in this case given that plaintiff's counsel's repeated attempts to contact her have proven fruitless. It appears to the undersigned that plaintiff's loss of interest in her case leaves the court with no alternative but to dismiss it. Accordingly, it is recommended that this case be dismissed for failure to prosecute. In light of this recommendation, the final conference before the undersigned scheduled for June 2, 2005 is canceled.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days from service of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. June 30, 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299 (2d Cir. 1992).

Dated: Central Islip, New York
   May 24, 2005

**SO ORDERED:**

/s/
_____
ARLENE R. LINDSAY
United States Magistrate Judge